Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Virginia Cash

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------X
VIRGINIA CASH                                   Civil Action No.

        Plaintiff,

                                             **COMPLAINT**

   v.

                                          **JURY TRIAL DEMANDED**

LVNV FUNDING, LLC;
RESURGENT CAPITAL SERVICES LP;
& VIKING CLIENT SERVICES, LLC


        Defendants.
-------------------------------------------------------X

Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against the Defendants, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to secure redress for the debt collection practices utilized by LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), and Viking Client Services, LLC ("Viking") (collectively the "Defendants") in connection with their attempts to collect an alleged debt from Plaintiff.

2. Plaintiff alleges that the Defendants' collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA")

1

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. *See generally* 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:
    a. The acts giving rise to this lawsuit occurred within this District; and
    b. Defendants do business within this District.

## PARTIES

7. Plaintiff, Virginia Cash, is an individual natural person who at all relevant times resided in the City of Kearny, County of Hudson, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. LVNV is a limited liability corporation with its principal place of business located at 55 Beattie Place – Suite 110, Greenville, SC 29601.

10. LVNV is a post-default purchaser of consumer debts. LVNV's business model is to pay less than ten cents on the dollar for an individual's defaulted debt and then seek to collect the full amount of that defaulted debt from the individual.

11. LVNV's website describes LVNV as a corporation that purchases debts after they have been charged off by their original creditor. *See* http://lvnvfunding.com (Last visited February 15, 2021).

12. The principal purpose of LVNV is the collection of debts using the mail and telephone.

13. Debt collection is the principal purpose of LVNV's business.

14. LVNV has no principal purpose other than purchasing defaulted debts and then seeking to collect said debts.

15. Debt collection is LVNV's only business.

16. LVNV is in the business of debt-buying.

17. LVNV exists solely for the purpose of purchasing defaulted debts at a discount and then seeking to collect the full amount of the defaulted debts.

18. LVNV's only business is the purchasing of debts for the purpose of collecting on those debts.

19. LVNV's *raison d'être* is obtaining payment on the debts that it acquires.

20. LVNV does not offer or extend credit or engage in lending, they only purchase defaulted debts at a discount and then attempt to collect said debts.

21. LVNV is licensed as a "debt collector" with the state of New Jersey.

22. LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

23. Resurgent Capital Services, LP is a limited partnership with its principal place of business located at 55 Beattie Place, Suite 110, Greenville, SC 29601.

24. The principal purpose of Resurgent is the collection of debts using the mail and telephone.

25. Resurgent regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

26. LVNV's website describes Resurgent as a corporation to whom LVNV "outsources the management of its portfolio of accounts…" and that Resurgent acts as an "Account Administrator" for LVNV. *See* http://lvnvfunding.com (Last visited February 15, 2021).

27. Resurgent is licensed as a "debt collector" with the State of New Jersey.

28. Resurgent is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

29. Viking is a limited liability corporation with its principal place of business located at 10050 Crosstown Circle – Suite 300 Eden Prairie, MN 55344.

30. The principal purpose of Viking is the collection of debts using the mail and telephone.

31. Viking regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

32. Viking is licensed as a "debt collector" with the state of New Jersey.

33. Viking is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### FACTS

34. Sometime prior to April 30, 2019, Plaintiff allegedly incurred a debt to Credit One Bank, N.A. ("Credit One") related to a personal credit card account with an account number ending in 6048 (the "Debt").

35. The alleged Debt arose out of transactions in which the money, property, insurance or services that were the subject of the transactions were primarily for personal, family or household

purposes, namely fees alleged to have emanating from a personal credit card account in Plaintiff's name that was issued by Credit One.

36. Plaintiff did not open or use any credit card accounts, including the one Defendants allege she opened with Credit One, for business purposes.

37. Plaintiff's alleged Debt to Credit One is a "debt" as defined by 15 U.S.C. § 1692a(5).

38. Defendants allege that LVNV purchased the Debt and that LVNV is now the entity to whom the Debt is owed.

39. Defendants contend that the Debt was in default when it was allegedly purchased by LVNV.

40. Plaintiff does not concede that she owes the Debt to LVNV or that the Debt was purchased by LVNV from Credit One or any other entity. Plaintiff only alleges that Defendants *claim* that LVNV purchased the Debt after it went into default and that Defendants allege that Plaintiff now owes the Debt to LVNV.

41. Plaintiff disputes owing the Debt to LVNV.

42. Plaintiff denies that arbitration rights, if any, were assigned to LVNV and/or Resurgent from any entity.

43. Resurgent was never transferred, sold, or assigned any interest or rights with regard to the Debt.

44. Resurgent is not the owner of the Debt or the Plaintiff's creditor, but rather is merely a third-party debt collector with no legal interest or right in the Debt.

45. Viking was never transferred, sold, or assigned any interest or rights with regard to the Debt.

46. Viking is not the owner of the Debt or the Plaintiff's creditor, but rather is merely a third-party debt collector with no legal interest or right in the Debt.

47. Defendants contend that the Debt is past-due and in default.

48. At the time LVNV and Resurgent referred the alleged Debt to Viking, Defendants contend that the Debt was past-due.

49. At the time LVNV and Resurgent referred the alleged Debt to Viking, Defendants contend that the Debt was in default.

50. At all times relevant hereto, Defendants acted in an attempt to collect the Debt.

51. Sometime prior to September 14, 2019, LVNV through Resurgent referred Plaintiff's debt to a company called TrueAccord for the purpose of collection.

52. TrueAccord began contacting the Plaintiff via email in an effort to collect the Debt.

53. In response to TrueAccord's continued communications, on February 11, 2020, Plaintiff mailed a letter addressed to LVNV, care of Resurgent (the "Plaintiff's Letter"). (Annexed and attached hereto as Exhibit A is a true copy of the Plaintiff's Letter except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted Plaintiff's street address to protect her privacy).

54. The Plaintiff's Letter stated that the Plaintiff disputed the Debt, and the very last line of the Plaintiff's Letter stated "Finally, I will not pay this debt under any circumstances."

55. The language, "I will not pay this debt under any circumstances" is an unconditioned and outright refusal by the Plaintiff to ever pay the Debt.

56. LVNV and Resurgent (who both share the same address) received the Plaintiff's Letter attached as Exhibit A in the mail on February 18, 2020 at 7:17am.

57. After Resurgent received the Plaintiff's Letter, they entered it into their records for the Plaintiff's Debt and her account.

6

58. After Resurgent received the Plaintiff's Letter, they forwarded it to LVNV who then entered the Plaintiff's Letter into their records for the Plaintiff's Debt and her account.

59. At all times after February 18, 2020 at 7:17am, LVNV and Resurgent had actual written notification from the Plaintiff through the Plaintiff's Letter that she would not pay alleged Debt "under any circumstances".

60. Sometime on or prior to February 26, 2020, LVNV and Resurgent referred the Debt to Viking for collection.

61. LVNV and Resurgent referred the Debt to Viking in response to receiving the Plaintiff's Letter.

62. At the time LVNV and Resurgent referred the Debt to Viking for collection, LVNV and Resurgent provided Viking with all their account information related to the Debt and the Plaintiff. Included in the account information that LVNV and Resurgent provided to Viking was the fact that LVNV and Resurgent received the Plaintiff's Letter from Plaintiff wherein she, in writing, told LVNV and Resurgent that she disputed the debt and would not pay it under any circumstances.

63. On or about February 26, 2020, Viking mailed or caused to be mailed a letter to Plaintiff (the "Viking Letter"). (Annexed and attached hereto as <u>Exhibit B</u> is a true copy of the Viking Letter dated February 26, 2020 that Viking mailed or caused to be mailed to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect her privacy).

64. Viking had actual knowledge prior to mailing the Viking Letter to Plaintiff that LVNV and Resurgent had received the Plaintiff's Letter attached as <u>Exhibit A</u> from Plaintiff

wherein she stated, in writing, that she disputed the debt and would not pay it under any circumstances.

65. Viking mailed the Viking Letter attached as <u>Exhibit B</u> as a part of their efforts to collect the Debt on behalf of LVNV and Resurgent.

66. Viking mailed the Viking Letter at the direction and request of LVNV and Resurgent.

67. Plaintiff received the Viking Letter in the mail.

68. Plaintiff read the Viking Letter upon receipt of the letter in the mail.

69. The Viking Letter was sent in connection with the collection of the Debt.

70. The Viking Letter seeks to collect the Debt.

71. The Viking Letter conveys information regarding the Debt including the Total Due, Viking account number, and requested payment of the Debt.

72. The Viking Letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

## **CLAIMS FOR RELIEF**

## **COUNT I**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(against LVNV Funding, LLC & Resurgent Capital Services, L.P.)**

73. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

74. The conduct of the LVNV and Resurgent in this case violates 15 U.S.C. §§ 1692c(c) and 1692d.

75. 15 U.S.C. § 1692c(c) provides:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except --

>> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

> If such notice from the consumer is made by mail, notification shall be complete upon receipt

> (Emphasis Added)

76. 15 U.S.C. §1692d provides:

   > A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt

77. LVNV and Resurgent violated § 1692c(c) of the FDCPA because they continued to communicate with the Plaintiff in an attempt to collect the Debt after receiving the Plaintiff's Letter attached as <u>Exhibit A</u>. The Plaintiff's Letter clearly communicated that Plaintiff is refusing to pay the debt by stating, "Finally, I will not pay this debt under any circumstances." Stating that you will not pay a debt under any circumstances is an unmistakable and clear refusal to pay a debt. After receiving the Plaintiff's Letter, 15 U.S.C. § 1692c(c) required LVNV and Resurgent to cease all communications with Plaintiff other those communications described in subjections (1), (2) and (3) of § 1692c(c), none of which are applicable here. Rather than cease communications with the Plaintiff, LVNV and Resurgent referred the Debt to Viking and then directed Viking to communicate with the Plaintiff, on their behalf (an "indirect" communication), in an attempt to collect the Debt by sending the Viking Letter to Plaintiff.

78. LVNV and Resurgent violated § 1692d of the FDCPA because their efforts to collect the Debt after receiving the Plaintiff's Letter attached as <u>Exhibit A</u> has the natural consequence of harassing and abusing the Plaintiff in connection with the collection of the Debt. Rather than ceasing communications with the Plaintiff, as they were legally required to do, LVNV and Resurgent instead began a campaign of harassment and abuse directed toward the Plaintiff by hiring Viking to contact the Plaintiff in an effort to collect the Debt. This conduct has the natural consequence of harassing and abusing the Plaintiff in connection with the collection of the Debt, and thus LVNV and Resurgent violated § 1692d.

79. Plaintiff suffered actual damages as a result of LVNV's and Resurgent's unlawful conduct including but not limited to humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

80. LVNV and Resurgent are liable to the Plaintiff for statutory and actual damages pursuant to 15 U.S.C. § 1692k for their violations of the FDCPA described above.

## **CLAIMS FOR RELIEF**

### **COUNT II**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(against Viking)**

81. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

82. The conduct of Viking in this case violates 15 U.S.C. § 1692d.

83. At the time LVNV and Resurgent referred the Debt to Viking, LVNV and Resurgent provided Viking with all LVNV and Resurgent's account information related to the Debt and the Plaintiff, including information that LVNV and Resurgent received the Plaintiff's Letter attached as <u>Exhibit A</u> wherein Plaintiff stated that she "will not pay this debt under any circumstances."

84. Viking had actual knowledge prior to sending the Viking Letter to Plaintiff that LVNV and Resurgent had received the Plaintiff's Letter, wherein she, in writing, stated she would not pay the Debt under any circumstances.

85. Viking knew prior to sending the Viking Letter to Plaintiff that LVNV and Resurgent had received the Plaintiff's Letter from Plaintiff, and therefore that LVNV and Resurgent were legally prohibited from continuing to communicate with Plaintiff in an attempt to collect the Debt. Despite this actual knowledge, Viking communicated with the Plaintiff, at the request of and on behalf of LVNV and Resurgent, in an attempt to collect the Debt. Viking's continued communication with the Plaintiff on behalf of and at the direction of LVNV and Resurgent, despite knowing that LVNV and Resurgent were not legally allowed to communicate with the Plaintiff in connection with the collection of the Debt, has the natural consequence of harassing and abusing the Plaintiff in connection with the collection of the Debt.

86. Plaintiff suffered actual damages as a result of Viking's unlawful conduct including but not limited to humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

87. Viking is liable to the Plaintiff for statutory and actual damages pursuant to 15 U.S.C. § 1692k for their violations of the FDCPA described above.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against the Defendants for:

    (1)    Statutory damages;

    (2)    Actual damages;

    (3)    Attorney's fees, litigation expenses and costs of suit; and

    (4)    Such other and further relief as the Court deems proper.

### **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: Floral Park, New York
         February 15, 2021

By: /s/ Ryan Gentile
_____
Ryan Gentile, Esq.
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 873-7675
rlg@lawgmf.com